## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Chichester School District | : | No. 02-CV-4015 |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Upper Chichester Township, Beth A. | : | |
| Zenuck, Thomas E. Ferro, Russell B. | : | |
| Minner, James R. Stuart, Joseph A. | : | |
| DeMarco, in their individual and official | : | |
| capacities as Commissioners of Upper | : | |
| Chichester Township, David L. Holland | : | |
| in his individual and official capacity as | : | |
| Fire Marshall of Upper Chichester Twp. | : | |
| and Mark A. Bostwick, in his | : | |
| individual and official capacity as Building | : | |
| Inspector of Upper Chichester Township | : | |
| and Charles Remaley, Inspector for | : | |
| Upper Chichester Township | : | |

## DEFENDANTS, UPPER CHICHESTER TOWNSHIP, BETH H. ZENUCH, THOMAS E. FERRO, RUSSEL B. MINNER, JAMES R. STUART, JOSEPH A. DeMARCO, DAVID L. HOLLAND, MARK A. BOSTWICK and CHARLES REMALEY ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

1.      Admitted in part, denied in part. It is specifically denied that this matter involves a federal question arising under 42 U.S.C. §1983 and that the Defendants interfered with or deprived the Plaintiff of any constitutionally protected property rights. The remaining averments are admitted.

2.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment, and therefore, it is denied.

3.      Denied. After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment, and therefore, it is denied.

4.    Denied. It is specifically denied that the school district submitted to or sought approval from Answering Defendants, the type of windows that were to be installed in connection with the renovations of Chichester High School ("CHS"). By way of further Answer, there were extensive meetings and negotiations by and between the Answering Defendants and the Plaintiffs concerning the type of emergency egress windows that were necessary for the safety of the children and occupants for CHS prior to any windows allegedly being ordered in August, 2001.

5.    Denied. It is specifically denied that the Answering Defendants demanded that the school district install egress windows after the building permits were issued. By way of further Answer, the Answering Defendants requested that the Plaintiff put in egress windows prior to the building permits being issued and in fact requested the Plaintiffs to submit "cut sheets" of the type of windows that were planned for the renovations. The Plaintiffs never produced any documents to indicate the type of windows to be installed or that the windows would not have the necessary egress windows to protect the safety of the children and occupants of CHS. It is admitted that Answering Defendants wrote to the school district's window contractor on May 31 and ordered it to "Cease and Desist" any further work on the windows or risk fines and penalties. The remaining averments are denied as the Answering Defendants are without sufficient knowledge to admit or deny the contents of these averments and therefore, they are denied.

6.    Denied. This is a conclusion of law to which no response is required. Additionally, after reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

7.    Denied. The Answering Defendants did discuss with the Plaintiffs and Plaintiffs' representatives on numerous occasions, the necessity for egress windows for the safety of the children and occupants of CHS. The remaining averments are denied.

8.      Denied. The Cease and Desist Order has been removed.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the remaining contents of this averment and therefore, they are denied.

9.      Denied. This is a conclusion of law to which no response is required. By way of further Answer, after reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.  The school district's Motion for Temporary Restraining Order has been withdrawn based on the Defendants withdrawing the Order to Cease and Desist issued to the window installer.

10.     Denied.  At the time of the filing of this Complaint, the Plaintiff had never filed a request to appeal the Cease and Desist Order with a Township BOCA Appeal's Board at the time of the filing of this Complaint. There was no due process violation.

11.     Denied. The outrageous, vindictive, pejorative and just plain desperate averments contained in this paragraph far exceed the bounds of spirited litigation and are ridiculous.

12.     Denied. This is a conclusion of law to which no response is required.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Denied. It is denied that this matter involves a federal question involving 42 U.S.C. §1983. By way of further Answer, the remaining averments are denied as conclusions of law to which no response is required.

19.     Denied. This is a conclusion of law to which no response is required.

3

20.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

21.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

22.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

23.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

24.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

25.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

26.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

27.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

28.     Admitted in part, denied in part.  It is admitted that township individuals met with school district individuals to discuss the building plans in March, 2001.  The remaining averments are denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

29.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge to admit or deny the contents of this averment and therefore, it is denied.

30.     Admitted in part, denied in part. It is admitted that Upper Chichester enacted and

approved BOCA, 1993 Edition and all subsequent BOCA versions.  The remaining averments are denied and strict proof thereof is demanded at the time of trial.

31.    Denied.  This averment is unintelligible.  Therefore, the averments in the paragraph are denied and strict proof thereof is demanded at the time of trial.

32.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

33.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

34.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

35.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

36.    Denied. This is a conclusion of law to which no response is required.  Additionally, the averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

37.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

38.    Admitted in part, denied in part.  It is admitted that Almond Glass Company has a Township license and building permit issued in August, 2001 by the Township for work to be done at CHS. The remaining averments are denied and strict proof thereof is demanded at the time of trial.

39.    Admitted in part, denied in part.  It is admitted that Defendant Holland spoke with contractors, school board directors, and the architect, advising all of them that egress windows were required to be installed during the renovations, for the safety of the children and the occupants of CHS. The remaining averments in this paragraph are denied and strict proof thereof is demanded at

the time trial.

40.     Denied.  Defendant Holland advised all Plaintiffs and Plaintiffs' representatives that his interpretation of the BOCA Code required egress windows for the safety of the children and occupants at CHS.

41.     Admitted in part, denied in part. It is admitted that Defendant Holland in his position as Fire Marshall discussed on numerous occasions with Plaintiffs and Plaintiffs' representatives the need for egress windows for the safety of the children and occupants of CHS. It is denied that he verbally stated "another mandate" as alleged in this averment.

42.

43.     The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

44.     Admitted in part, denied in part.  It is admitted that Defendants Holland and Bostwick have never given a written specification of the windows Plaintiffs contemplated.  By way of further Answer, the Plaintiffs never submitted a window that they intended to place in the school, even after they were advised by Defendant Holland and Bostwick of the need for egress windows for the safety of the children and the occupants of CHS.  The Plaintiffs completely ignored the safety requirements of the Fire Marshall. The Cease and Desist Order has been rescinded.

45.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

46.     Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

47.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

48.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

49.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

50.     Admitted.

51.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

52.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

53.     Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

54.     Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

55.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

56.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at trial.

57.     Denied. The Cease and Desist Order was never appealed to the Township.

58.     Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

59.     Denied. See response to paragraph 11.

60.     Admitted in part, denied in part.  It is admitted that the School Board member, Tracey, did receive a letter from Defendant Inspector Remaley as School Board member Tracey

failed to renew his occupancy permits for his rental properties and the letter was sent as a courtesy to Tracey, who was a friend of Mr. Remaley's. This averment is "stuck" in this Complaint presumably to "fill space" and attempt to prejudice anyone reading this Complaint.

### COUNT I
### CHICHESTER SCHOOL DISTRICT vs. DEFENDANTS

61.     Answering Defendants incorporate by reference all averments contained in Answers 1 through 60 inclusive, as if same were set forth at length herein.

62.     Admitted in part, denied in part. It is admitted that Defendant UCT is a person, within the meaning of 42 U.S.C. §1983, acting under the color of Pennsylvania state law and acting under the Municipal Planning Code, 52 P.S. §101 et seq. ("MPC"). It is denied that the editorial comment thrown in by counsel that UCT is "supposed" to be acting under the MPC.

63.     Admitted.

64.     Admitted.

65.     Admitted in part, denied in part. It is admitted that the Defendant unanimously agreed that the school district should install egress windows for the safety of the children and occupants of CHS. The remaining averment is denied as unintelligible and strict proof is demanded at the time of trial.

66.     Denied. See response to paragraph 11.

67.     Denied. This is a conclusion of law to which no response is required.

68.     Denied. See response to paragraph 11. By way of further response, the school district received proper notice of Defendants' request for approximately 6 months before the windows were ordered by the CHS Plaintiffs. Additionally, it is denied that the actions, requests, and negotiations and discussions concerning egress windows would have done anything other than to ensure the

8

safety of the children and the occupants of CHS.

69.    Denied.  This is a conclusion of law to which no response is required.  By way of further Answer, the good faith attempt by the Fire Marshall and the Building Inspector to ensure the safety of the children who attend CHS and live in the Answering Defendants' Township, would not impose irreparable harm and a substantial hardship on a school district and the CHS students.  On the contrary, egress windows would ensure the safety of the children, which is one of the prime responsibilities of the Plaintiffs and their representatives.

70.    Denied. This is a conclusion of law to which no response is required.

71.    Admitted.

72.    Denied. The Fire Marshall and the Building Code Inspector requested that the architect and the Plaintiffs' representatives produce cut sheets or a sample window to examine same for egress capabilities. As a result of the actions of the Plaintiffs and their representatives, this request was completely ignored in spite of the Answering Defendants' attempts to alleviate the fears of the Plaintiffs by explaining that it was for the safety of the children and the occupants of CHS.

73.    Admitted in part, denied in part.  It is admitted that L&I issued a Certificate of Occupancy on August 24, 2001, the remaining averments of this paragraph are denied and strict proof is demanded at trial.

74.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

75.    Denied.  The Answering Defendants have always questioned the proposed windows and were never given an answer or cut sheets from any of the Plaintiffs or their representatives.

76.    Denied. The Plaintiffs never submitted to the Answering Defendants any proposed windows other than the ones which had no egress for the safety of the children and the occupants at

CHS. The Plaintiffs refused to discuss with the Fire Marshall and the Building Code Inspector what type of windows were being installed that would ensure the safety of the children and the occupants, before installation.

77.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial. By way of further Answer, it is admitted that the school district has installed non-egress windows in spite of the requirements and request of the Township to ensure the safety of the children and the occupants of CHS.

78.    Denied. The failure of the Plaintiffs to cooperate and work with the Answering Defendants by ordering non-egress windows after being advised by the Answering Defendants that egress windows were necessary for the safety of the children and the occupants of CHS, the Plaintiffs changed the rules mid-stream and ordered the windows and began installing them without ever reviewing same with the Answering Defendants.

79.    Denied. This is a conclusion of law to which no response is required.

80.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial. It is admitted that the Plaintiffs have placed a priority on opening the school on time in September, 2002 and none of the problems associated with this Complaint would have transpired had the Plaintiffs and their representatives been open and forthright with the Fire Marshall and the Building Code Inspector.

81.    Denied. This is a conclusion of law to which no response is required.

82.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

83.    Denied. Egress windows were required for the safety of the children and the occupants of CHS. It is up to the Plaintiffs and their representatives to deal with the aspect of

"intrusion, horseplay and/or vandalism" as well as the safety of the children and the occupants of CHS.

84.    The averments in this paragraph are denied an strict proof thereof is demanded at the time of trial.

85.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** the Answering Defendants deny any and all liability to the Plaintiffs and request judgment in their favor together with cost and attorney fees. Additionally, the Cease and Desist Order has been removed and while the Answering Defendants are concerned about the safety of the children of the residents of Upper Chichester Township and neighboring Townships, the Answering Defendants are acquiescing to the installation of windows, which are less than the industry standard for the safety of the children and occupants of CHS.

## COUNT II
## CHICHESTER SCHOOL DISTRICT vs. ALL DEFENDANTS

86.    Defendants incorporate by reference all averments contained in paragraphs 1 through 85 inclusive as if same were set forth at length herein.

87.    Denied. The averments in this paragraph are denied and strict proof thereof is demanded at the time of trial.

88.    Denied. This is a conclusion of law to which no response is required.

89.    Denied. This is a conclusion of law to which no response is required.

90.    Denied. This is a conclusion of law to which no response is required. Additionally, the averments in this paragraph are denied and strict proof thereof is demanded at trial. By way of

further answer, the Answering Defendants had the safety and well being of the children and the occupants of CHS as their prime motivating factor when they began discussions with the Plaintiff and their representatives concerning egress windows months before the windows were alleged to have been ordered. While the School District certainly may have certain property rights, the Answering Defendants have the responsibility to insure the safety of the residents and of the Township as well as the students who attend schools within the Township borders.

91.    Denied. The averments in this paragraph are denied and strict proof therefore is demanded at trial.

92.    Denied. The averments in this paragraph are denied and strict proof therefore is demanded at trial.

93.    Denied. The averments in this paragraph are denied and strict proof therefore is demanded at trial. By way of further answer, the windows were never listed in the proposed renovations to CHS and the Answering Defendants relied on the representations by the Plaintiffs to install egress windows for the safety of the students and occupants of CHS.

94.    Denied. The averments in this paragraph are denied and strict proof therefore is demanded at trial. By way of further answer, Answering Defendants had numerous discussions with Plaintiffs and believed that they were dealing with individuals who cared about the safety of the children and the occupants of CHS and believed that they would do the right thing for the children.

95.    Admitted. Answering Defendants acted after they learned that the School District was installing windows without egress windows, which was in contravention of all discussions held with the Plaintiffs and their representatives prior to issuing any building permits.

96.    Denied. Defendants are no longer requesting that the School District install egress windows but stand by the good faith efforts of its Fire Marshal and Building Code Inspector when

they attempted to bring to the attention of the Plaintiff's, the failure to address the safety issues concerning the children and occupants of a school within the borders of Upper Chichester Township. The Township Commissioners have a responsibility to all of its residents and the students at the school, a concern obviously not shared by all members of the community.

97.    Denied.  The averments in this paragraph are denied and strict proof therefore is demanded at trial.

98.    Denied.  The request by the Answering Defendant was not a new demand and would not have prevent CHS from opening in September.  The Plaintiff knew of the concerns of the Answering Defendants, ignored same and proceeded to order windows that do not address the safety concerns of the students and the occupants of CHS.

99.    Denied.  The averments in this paragraph are denied and strict proof therefore is demanded at trial.

100.    Denied.  The averments in this paragraph are denied and strict proof therefore is demanded at trial.

**WHEREFORE,** the Answering Defendants deny any and all liability to the Plaintiffs and request judgment in their favor together with cost and attorney fees. Additionally, the Cease and Desist Order has been removed and the School District is installing windows without any egress for the students and occupants during an emergency situation.

<u>**COUNT III**</u>
<u>**PLAINTIFF vs UPPER CHICHESTER TOWNSHIP**</u>

101.    Answering Defendants incorporate by reference all averments contained in answers 1 through 100 inclusive as if same were set forth at length therein.

102.    Denied.  This is a conclusion of law to which no response is required.

13

103.    Denied.  This is a conclusion of law to which no response is required.

104.    Admitted.

105.    Denied.  The averments in this paragraph are denied and strict proof  thereof is demanded trial.  By way of further answer, the safety of the students and the occupants of CHS was foremost in the minds of the Fire Marshall and Building Code Inspector during the discussion of the renovations with the representatives of the Plaintiff, in requesting that egress windows be installed in a certain wing of the school being renovated.

106.    Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at trial.

107.    Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at trial.

108.    Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at trial.  By way of further answer, the safety of the children who attend CHS was foremost in the actions of the Answering Defendants as they are elected officials responsible for the safety of all individuals within the borders of Upper Chichester Township, twenty-four hours a day. The Plaintiffs were well aware of these concerns and chose to ignore them.

**WHEREFORE,** the Answering Defendants deny any and all liability to the Plaintiffs and request judgment in their favor together with cost and attorney fees. Additionally, the Cease and Desist Order has been removed and  the School District is installing non-egress windows on the upper floors of Chichester High School in contravention of all discussions that took place between the Answering Defendants and the Plaintiffs.

**COUNT IV**
**CHICHESTER SCHOOL DISTRICT vs. UPPER CHICHESTER TOWNSHIP AND BETH ZENUCK**

109.    Answering Defendants incorporate by reference all averments contained in answers 1 through 108 inclusive as if same were set forth at length herein.

110.    Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at trial.

111.    Denied.  Plaintiffs never appealed the Cease and Desist Order in a timely manner in which to have the BOCA Appeals Board review such appeal.  No one has been denied any due process of law.

112.    Denied.  The averments in this paragraph are denied and strict proof thereof is demanded at trial.  By way of further answer, the named individual commissioners also have a duty to guard the students and provide the means for students and occupants of  CHS to egress the building in the event of an emergency.  Unfortunately, the children do not have an Appeals Board in which to appeal the decision of the Plaintiffs in refusing to install egress windows.

**WHEREFORE,** the Answering Defendants deny any and all liability to the Plaintiffs and request judgment in their favor together with cost and attorney fees. Additionally, the Cease and Desist Order has been removed and  the Plaintiffs and their representatives have begun installing non-egress windows in contravention of all discussions between the Fire Marshall, the Code Enforcement Officer and the Commissioners of the Township, during which Answering Defendant requested egress windows be placed in the second floor renovations to allow for the egress of the students and occupants of the second floor in emergency situations.

### CHICHESTER SCHOOL DISTRICT vs. ALL DEFENDANTS

113.    Answering Defendant incorporates by reference all averments contained in answers 1 through 112 inclusive as if same were set forth at length herein.

114.    Denied.  See response to paragraph 11.

115.    Denied.  See response to paragraph 11.

116.    Denied.  See response to paragraph 11.

**WHEREFORE,** the Answering Defendants deny any and all liability to the Plaintiffs and request judgment in their favor together with cost and attorney fees. Additionally, the Cease and Desist Order has been removed and the Plaintiffs and their representatives have begun installing non-egress windows.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Plaintiff's allegations are vague, conclusory and lack specificity as to the particular Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants' actions in this matter were all done in good faith and pursuant to law and in no way violated any rights, process, protection, privileges or immunities to which Plaintiff is entitled under the constitution of the United States and the Commonwealth of Pennsylvania

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants assert the defense of the governmental, official, qualified and good faith immunity.

### FOURTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of the Defendants is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983.

### FIFTH AFFIRMATIVE DEFENSE

16

The alleged injuries or damages sustained by the Plaintiffs resulted from their voluntary, intentional, wrongful and/or negligent acts, and not from any violation of their civil rights or by negligence, or whatever by the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages to the extent that the Plaintiff failed to mitigate such damages.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants did not deprive or act to deprive Plaintiffs of any guarantee under the United States Constitution and the law of the United States.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead a legitimate, sufficient and/or viable official policy or custom sufficient to support municipal liability.

### NINTH AFFIRMTAIVE DEFENSE

Defendants assert all defenses and immunities contained within the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541, et seq., which is incorporated herein by reference.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust its administrative remedies prior to filing this lawsuit and the matter should be dismissed.

**WHEREFORE,** Answering Defendants deny any and all liability to the Plaintiff and request judgment in their favor, together with costs and attorneys fees.

Respectfully Submitted,

17

**HOLSTEN & ASSOCIATES**


BY: _____

**THOMAS C. GALLAGHER, ESQUIRE**
**Attorney I.D. # 27156**
**One Olive Street**
**Media, PA 19063**

**610-627-2438**
**Attorney for all above-named Defendants**